**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| BRONC MARMON and | ) | |
| SETH MARMON, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 22-2381-KHV |
| | ) | |
| RPS AUTO, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on <u>Defendant's Renewed Motion For Judgment As A Matter Of Law, Motion For A New Trial, And/Or Motion To Alter Or Amend The Judgment</u> (Doc. #111) filed April 2, 2024, and <u>Plaintiffs' Motion To Alter Or Amend The Judgment For An Award Of Attorneys' Fees, Costs, And Expenses</u> (Doc. #108) filed March 18, 2024.  For reasons stated below, the Court overrules defendant's motion, and sustains plaintiffs' motion in part.

**I.      Defendant's Motion**

A.      <u>Renewed Motion For Judgment As A Matter Of Law</u>

Defendant is entitled to judgment as a matter of law only if all of the evidence, viewed in the light most favorable to plaintiffs, reveals no legally sufficient evidentiary basis to find for plaintiffs.  <u>See</u> <u>Burrell v. Armijo</u>, 603 F.3d 825, 832 (10th Cir. 2010).  Judgment as a matter of law is appropriate only if the evidence points but one way and is susceptible to no reasonable inferences to support plaintiffs.  <u>See</u> <u>Baty v. Willamette Indus., Inc.</u>, 172 F.3d 1232, 1241 (10th Cir. 1999); <u>Riggs v. Scrivner, Inc.</u>, 927 F.2d 1146, 1149 (10th Cir. 1991).  Such judgment is proper only when "the evidence so strongly supports an issue that reasonable minds could not differ."  <u>Ryder v. City of Topeka</u>, 814 F.2d 1412, 1418 (10th Cir. 1987).  Courts should "cautiously and sparingly" grant

judgment as a matter of law under Rule 50(b), Fed. R. Civ. P.  Zuchel v. City & Cnty. of Denver, 997 F.2d 730, 734 (10th Cir. 1993).

In determining whether to grant judgment as a matter of law, the Court may not weigh the evidence, consider the credibility of witnesses or substitute its judgment for that of the jury.  See Lucas v. Dover Corp., 857 F.2d 1397, 1400 (10th Cir. 1988).  Nevertheless, the Court must find more than a mere scintilla of evidence favoring plaintiffs; the Court must find that "evidence was before the jury upon which it could properly find against [defendant]."  Cooper v. Asplundh Tree Expert Co., 836 F.2d 1544, 1547 (10th Cir. 1988).

Defendant argues that the evidence presented at trial was insufficient to allow a reasonable jury to find for plaintiffs on their claims of associational disability discrimination.

On February 13, 2024, at the close of plaintiffs' evidence at trial, defendant moved for judgment as a matter of law.  See Defendant's Motion For Judgment As A Matter Of Law And Integrated Suggestions In Support (Doc. #97).  The Court overruled defendant's motion in part, except as to the issue of front pay, which the Court took under advisement.  See Order (Doc. #103) filed February 14, 2024.  On March 4, 2024, plaintiffs withdrew their request for front pay and the Court overruled the rest of Defendant's Motion For Judgment As A Matter Of Law (Doc. #97).  See Order (Doc. #104).  Defendant now renews its motion.

For substantially the same reasons stated on the record on February 13, 2024 and in Plaintiffs' Memorandum In Opposition To Defendant's Renewed Motion For Judgment As A Matter Of Law, Motion For A New Trial, And/Or Motion To Alter Or Amend The Judgment (Doc. #114) filed April 11, 2024, the Court overrules defendant's renewed motion for judgment as a matter of law.  Based on the evidence presented at trial, the jury could easily conclude that defendant discriminated against each plaintiff in violation of the Americans with Disabilities Act

("ADA"), 42 U.S.C § 12111 et seq.

       B.      Motion For A New Trial

Pursuant to Rule 59, Fed. R. Civ. P., the Court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Fed. R. Civ. P. 59(a)(1)(A).  In deciding whether to grant a motion for new trial, the Court exercises broad discretion.  See Unit Drilling Co. v. Enron Oil & Gas Co., 108 F.3d 1186, 1194 (10th Cir. 1997). The Court generally regards motions for new trial with disfavor and grants them only with great caution.  See Franklin v. Thompson, 981 F.2d 1168, 1171 (10th Cir. 1992); Utility Trailer Sales of Kansas City, Inc. v. MAC Trailer Mfg., Inc., 734 F. Supp. 2d 1210, 1216 (D. Kan. 2010).  The party seeking to set aside a jury verdict must demonstrate prejudicial trial error or that the verdict is not based on substantial evidence.  Anderson v. Phillips Petroleum Co., 861 F.2d 631, 637 (10th Cir. 1988), overruled on other grounds, Hazen Paper Co. v. Biggins, 507 U.S. 604 (1993); White v. Conoco, Inc., 710 F.2d 1442, 1443 (10th Cir. 1983).  In reviewing a motion for new trial, the Court views the evidence in the light most favorable to the prevailing party.  See Griffin v. Strong, 983 F.3d 1544, 1546 (10th Cir. 1993).  The Court ignores errors that do not affect the essential fairness of the trial.  McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 553 (1984).

Defendant argues that the Court committed prejudicial error in allowing the jury to hear evidence of Mary Mize's condition of which Tom Kazyak had no knowledge at the time RPS Auto terminated plaintiffs' employment.

Defendant first requested that the Court exclude this evidence in Defendant's Motions In Limine And Integrated Memorandum In Support (Doc. #60) filed January 15, 2024.  On February 2, 2024, the Court overruled defendant's request, finding that evidence of what plaintiffs communicated to RPS Auto supervisors was highly relevant to establishing a prima facie case of

associational disability discrimination.  For substantially the same reasons stated on the record on February 2, 2024 and in <u>Plaintiffs' Memorandum In Opposition</u> (Doc. #114), the Court overrules defendant's motion for a new trial.  What Kazyak knew was a highly contested issue at trial, and the jury was not required to credit Kazyak's claim that he had no knowledge of Mize's condition when he terminated plaintiffs' employment.  Plaintiffs' presentation of evidence at trial did not result in unfair prejudice to defendant.

      C.      <u>Motion To Alter Or Amend The Judgment</u>

Under Rule 59(e), Fed. R. Civ. P., a party may request that the Court alter or amend judgment following entry of the judgment. Fed. R. Civ. P. 59(e).  The Court has discretion whether to grant or deny a motion to alter or amend the judgment.  <u>See</u> <u>Hancock v. City of Okla. City</u>, 857 F.2d 1394, 1395 (10th Cir. 1988). A motion to alter or amend is essentially a motion for reconsideration.  <u>Hilst v. Bowen</u>, 874 F.2d 725, 726 (10th Cir. 1989); <u>Koch v. Shell Oil Co.</u>, 911 F. Supp. 487, 489 (D. Kan. 1996).

The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence or the need to correct clear error or prevent manifest injustice.  <u>See</u> <u>Major v. Benton</u>, 647 F.2d 110, 112 (10th Cir. 1981); <u>Burnett v. W. Res., Inc.</u>, 929 F. Supp. 1349, 1360 (D. Kan. 1996).  A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed.  <u>See</u> <u>Voelkel v. Gen. Motors Corp.</u>, 846 F. Supp. 1482, 1483 (D. Kan.), <u>aff'd</u>, 43 F.3d 1484 (10th Cir. 1994).  Such motions are not appropriate if the movant, defendant, only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that it could have presented originally.  <u>See</u> <u>Van Skiver v. U.S.</u>, 952 F.2d 1241, 1243 (10th Cir. 1991).

Defendant argues that as a matter of law, plaintiffs did not establish the elements necessary to justify an award of punitive damages and therefore the Court should amend the judgment to vacate the award.

As previously noted, defendant first moved for judgment as a matter of law on February 13, 2024, arguing in part that plaintiffs had insufficient evidence that RPS Auto acted with malice or reckless indifference to plaintiffs' federally protected rights.  Defendant's Motion For Judgment As A Matter Of Law (Doc. #97).  The Court overruled defendant's motion.  See Order (Doc. #103). For substantially the same reasons stated on the record on February 13, 2024 and in Plaintiffs' Memorandum In Opposition (Doc. #114), the Court overrules defendant's motion to amend the judgment to vacate the punitive damages award.  Based on the evidence presented at trial, the jury could easily conclude that plaintiffs were entitled to punitive damages.

Accordingly, the Court overrules Defendant's Renewed Motion For Judgment As A Matter Of Law, Motion For A New Trial, And/Or Motion To Alter Or Amend The Judgment (Doc. #111) and turns to plaintiffs' motion for attorney fees and costs as the prevailing parties.

## II.    Plaintiffs' Motion For Attorney Fees And Costs

Plaintiffs seek $170,960.42 in attorney fees and $5,160.76 in costs and expenses against defendant.  In an action under the ADA, the Court has discretion to grant the prevailing party reasonable attorney fees, litigation expenses and costs.  42 U.S.C. § 12205.  For attorney fees and costs under Section 12205, the Court applies the same standard as claims under Section 1988.  Roe v. Cheyenne Mountain Conf. Resort, Inc., 124 F.3d 1221, 1232 (10th Cir. 1997).

Plaintiffs prevail when "actual relief on the merits of [their] claim[s] materially alters the legal relationship" between the parties by modifying defendants' behavior in a way that directly benefits plaintiffs.  Verlo v. City & Cty. of Denver, 789 F. App'x 709, 712 (10th Cir. 2019)

(citations omitted).  "Relief on the merits" occurs when plaintiffs "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."  Id. (citations omitted).  A "material alteration" of the parties' legal relationship occurs when "there is judicial imprimatur on the change," such as an enforceable judgment on the merits.  Id. (citations omitted).

The Court held a two-day jury trial on February 12 and 13, 2024.  On February 13, 2024, the jury returned a verdict, finding that defendant had discriminated against each plaintiff in violation of the ADA.  See Verdict (Doc. #99) filed February 13, 2024.  The jury awarded Bronc Marmon $5,750 in lost wages, $15,000 in compensatory damages and $10,000 in punitive damages.  Id.  The jury awarded Seth Marmon $15,000 in compensatory damages and $10,000 in punitive damages.  Id.

On March 18, 2024, plaintiffs filed their Motion To Alter Or Amend The Judgment For An Award Of Attorneys' Fees, Costs, And Expenses (Doc. #108).  Defendant did not respond.  Because defendant did not file a timely response, plaintiffs' motion is unopposed.  A party who fails to file a responsive brief or memorandum within the time specified waives the right to later do so, and the Court will consider and decide the motion as uncontested.  D. Kan. Rule 7.1(c).

As noted, pursuant to Section 12205, plaintiffs request $170,960.42 in attorney fees and $5,160.76 in costs and expenses.  The Court has discretion to grant reasonable attorneys' fees to the prevailing parties.  42 U.S.C. § 12205.  To determine whether a fee request is reasonable, the Court first calculates the lodestar amount by multiplying by a reasonable hourly rate the hours that counsel reasonably spent litigating.  Flitton v. Primary Residential Mortg., Inc., 614 F.3d 1173, 1176 (10th Cir. 2010).  The parties who seek fees bear the burden of establishing entitlement to an award and documenting the appropriate hours and hourly rates.  United Phosphorus, Ltd. v. Midland Fumigant, Inc., 205 F.3d 1219, 1233 (10th Cir. 2000).  If they do so, the Court presumes

that the lodestar figure is a reasonable fee.  Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998).

A.    Reasonable Hours

The first step in calculating the lodestar is to determine the number of hours that counsel for plaintiffs reasonably expended on the litigation.  Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan., 157 F.3d 1243, 1249 (10th Cir. 1998).  Work is reasonable if it is "useful and of a type ordinarily necessary to secure the final result obtained." Johnson v. City of Tulsa, Okla., 489 F.3d 1089, 1107 (10th Cir. 2007) (citation omitted).  In reviewing whether the hours are necessary, the Court considers the following factors: "(1) whether the tasks being billed would normally be billed to a paying client, (2) the number of hours spent on each task, (3) the complexity of the case, (4) the number of reasonable strategies pursued, (5) the responses necessitated by the maneuvering of the other side, and (6) potential duplication of services by multiple lawyers." Robinson, 160 F.3d at 1281 (citation and internal quotation marks omitted).

Plaintiffs request fees for 359.92 hours of work litigating this case.  In support, plaintiffs have submitted the affidavits of counsel Chad C. Beaver and Lewis M. Galloway, and detailed time records for both.  Defendant does not challenge the requested hours, and the Court determines that the number of hours is reasonable in light of the procedural history and complexity of the case, and the litigation strategies which defendant pursued.

B.    Reasonable Rate

Having established the reasonableness of the requested hours, the next step in calculating the lodestar is to determine the reasonable hourly rate for counsel.  To determine whether billing rates are reasonable, the Court establishes a rate for each lawyer based upon the norm for comparable private firm lawyers in the area, which the Court calculates at the time of the fee award.

Fish v. Kobach, No. 16-2105-JAR, 2018 WL 3647132, at *6 (D. Kan. Aug. 1, 2018) (citations omitted).  A reasonable hourly rate comports with those "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Id. (citations omitted).  The District of Kansas and the Kansas City metropolitan area comprises the relevant community for determining reasonable market rates.  See Fox v. Pittsburg State Univ., 258 F. Supp. 3d 1243, 1264 (D. Kan. 2017) (relevant market is place where litigation occurs).

Plaintiffs seek an hourly billing rate of $475 for both Mr. Beaver and Mr. Galloway.  In support of the requested rate, plaintiffs submit (1) declarations of Mr. Beaver and Mr. Galloway; (2) an excerpt from the 2020 edition of the Missouri Lawyers Media's Corporate Counsel Desk Book, which states that the median hourly rate for partners in the Kansas City metropolitan area in 2020 was $475 per hour; (3) an excerpt from the Missouri Lawyers Media survey of Billing Rates in 2021, which states that the median hourly rate for partners in the Kansas City metropolitan area in 2021 was $490 per hour; (4) declarations of three other employment attorneys in the Kansas City metropolitan area with similar experience, Eric Smith, Brett Davis and Steven Thornberry; and (5) an opinion by the Honorable Holly L. Teeter, approving an hourly rate of $485 in an ADA discrimination case where the attorney had 15 years of litigation experience, see Order, Ross v. Huhtamaki, Inc., No. 20-2208 (D. Kan. June 29, 2022) ECF Doc. 93.

Defendant does not challenge the above-listed rates, and the Court determines that they are reasonable rates in the Kansas City legal community for similar services by lawyers of comparable skill, experience and reputation.  The Court therefore finds that plaintiffs have established the reasonableness of the requested hourly rates for Mr. Beaver and Mr. Galloway.

C.    Lodestar Calculation

The Court calculates the lodestar as follows:

-8-

| Plaintiffs' Attorney | Hours | Rate | Lodestar |
|---|---|---|---|
| Mr. Beaver | 337 | $475 | $160,075.00 |
| Mr. Galloway | 22.92 | $475 | $10,885.42 |
| **Total** | | | **$170,960.42** |

The lodestar amount is therefore $170,960.42.

D.    <u>Adjustment Of Lodestar</u>

The lodestar figure includes "most, if not all, of the relevant factors constituting a reasonable attorney's fee," and therefore the lodestar is a presumptively reasonable fee.  <u>Perdue v. Kenny A. ex rel. Winn</u>, 559 U.S. 542, 552 (2010) (citations omitted).  Accordingly, the Court can only adjust the lodestar figure in rare circumstance where it "does not adequately take into account a factor that may properly be considered in determining a reasonable fee."  <u>Id.</u>; <u>see</u> <u>Anchondo v. Anderson, Crenshaw & Assocs., L.L.C.</u>, 616 F.3d 1098, 1102 (10th Cir. 2010).  In <u>Perdue</u>, the Supreme Court specifically held that only in "rare and exceptional" circumstances does the lodestar figure not adequately account for "superior attorney performance."  <u>Perdue</u>, 559 U.S. at 554.  In considering whether to adjust the lodestar, courts typically consider the following:

> (1) time and labor required; (2) novelty and difficulty of the questions presented in the case; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment by the attorneys due to acceptance of the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or circumstances; (8) amount involved and results obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases.

<u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714, 717–19 (5th Cir. 1974), <u>abrogated on other grounds by</u> <u>Blanchard v. Bergeron</u>, 489 U.S. 87 (1989).

Plaintiffs do not request a departure from the lodestar and specifically assert that with the exception of factors 6, 8 and 10, the <u>Johnson</u> factors are either addressed by the lodestar calculation

-9-

or are not applicable.  The Court agrees and therefore only reviews factors 6, 8 and 10.

As for the sixth factor—whether the fee is fixed or contingent—Mr. Beaver states that he handled the case on a contingency fee basis, and asks the Court to consider this risk in analyzing the reasonableness of the fee request.   The contingent nature of a fee does not justify a departure from the lodestar, but should be reflected in the calculation of the lodestar.  <u>Fox</u>, 258 F. Supp. 3d at 1270.  Indeed, plaintiffs do not request a fee enhancement based on this factor.  Accordingly, the Court determines that the lodestar calculation properly accounts for the contingency risk.

As for the eighth factor—the amount involved and results obtained—plaintiffs remind the Court that the jury awarded punitive damages against defendant.  The Court commends Mr. Beaver and Mr. Galloway for securing a punitive damages award but will not adjust or enhance the lodestar amount based on factors which the figure already subsumes.  <u>See</u> <u>Perdue</u>, 559 U.S. at 553 (court should not adjust lodestar based on novelty and complexity of case or quality of attorney performance).  The lodestar sufficiently accounts for their success at trial.

As for the tenth factor—the undesirability of the case—plaintiffs claim that the Court should award the full fee request to ensure that future attorneys are not deterred from litigating similar cases.  After reviewing all relevant circumstances, the Court concludes that the lodestar adequately reflects any purported undesirability of the case and compensates counsel accordingly.

The Court has considered the 12 <u>Johnson</u> factors, and to the extent they apply, finds that the lodestar is a reasonable fee.  For these reasons, the Court awards the lodestar amount of $170,960.42 with no enhancements.

E.    <u>Litigation Expenses</u>

In addition to attorney fees, the prevailing party is entitled to recover reasonable expenses that are usually itemized and billed separately, as long as the expenses are reasonable.  <u>See</u>

Sussman v. Patterson, 108 F.3d 1206, 1213 (10th Cir. 1997).  Plaintiffs request $1,302.30 in non-taxable litigation expenses, including mediation and travel to Fort Scott, Kansas.  Defendant does not challenge this request.

Accordingly, the Court sustains plaintiffs' motion for non-taxable litigation expenses and awards plaintiffs $1,302.30 in non-taxable costs.

F.      Taxable Costs

Pursuant to 28 U.S.C. § 1920, plaintiffs also request taxable costs in the amount of $3,858.46.  Plaintiffs correctly note that they are entitled to taxable costs by statute, but they have not followed the procedure for taxation set forth in District of Kansas Local Rule 54.1(a), which requires that they file a bill of costs on the form provided by the clerk and a brief in support of their costs.  For this reason, the Court overrules plaintiffs' motion for taxable costs.

**IT IS THEREFORE ORDERED** that Defendant's Renewed Motion For Judgment As A Matter Of Law, Motion For A New Trial, And/Or Motion To Alter Or Amend The Judgment (Doc. #111) filed April 2, 2024 is **OVERRULED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion To Alter Or Amend The Judgment For An Award Of Attorneys' Fees, Costs, And Expenses (Doc. #108) filed March 18, 2024 is **SUSTAINED in part** and **OVERRULED in part.  Defendant RPS Auto, LLC shall pay plaintiffs $170,960.42 in attorney fees and $1,302.30 in non-taxable costs.  The Court directs the Clerk to enter judgment for the awarded amount in attorney fees and costs.**

Dated this 3rd day of May, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

-11-